UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RAMON MORENO, et al.,
                          Plaintiffs,

         -against-

DEUTSCHE BANK AMERICAS
HOLDING CORP., et al.,
                          Defendants.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/28/2017

15 Civ. 9936 (LGS)

ORDER

LORNA G. SCHOFIELD, District Judge:

    WHEREAS, on March 13, 2017, Plaintiffs filed a Motion for Class Certification (the "Motion"), the Memorandum of Law in Support of the Motion (the "Memorandum of Law"), the Declaration of Kai Richter in Support of the Motion with Exhibits attached thereto ("Richter Declaration") and the Expert Report of Steve Pomerantz ("Pomerantz Expert Report"), which is attached as an exhibit to the Declaration of Steve Pomerantz;

    WHEREAS, by letter attached to an email dated March 13, 2017, former Defendant Aon Hewitt Investment Consulting, Inc. ("AHIC") requests that Plaintiffs be permitted to file under seal Exhibits 6, 7, 10, 11, 13, 16 and 17 to the Richter Declaration.  AHIC argues that the documents reflect proprietary methods that AHIC uses in providing investment consulting services and that confidential treatment could prevent injury flowing from the disclosure of AHIC's proprietary methods;

    WHEREAS, by letter attached to an email dated March 15, 2017, the Deutsche Bank Defendants request that Plaintiffs be permitted to file under seal Exhibits 2-4, 6-24 and 26-27 to the Richter Declaration.  The Deutsche Bank Defendants contend that the materials fall into three categories: (1) Investment Committee Materials, (2) Deposition Transcripts and (3) Service Provider Agreements;

WHEREAS, there is a presumption of public access to judicial documents.  *Lugosch v. Pyramid Co. of Onondoga*, 435 F.3d 110, 119–20 (2d Cir. 2006).  Judicial documents include documents submitted in connection with motions, including those for class certification.  *See, e.g.*, *Mark v. Gawker Media LLC*, No. 13 Civ. 4347, 2015 WL 7288641, at *2 (S.D.N.Y. Nov. 16, 2015) ("Given that class certification is an adjudication, the Court . . . finds that the documents submitted in connection with Plaintiffs' Motion for Class Certification are 'judicial documents.'"); *Kulig v. Midland Funding, LLC*, No. 13 Civ. 4715, 2014 WL 8060586, at *1 (S.D.N.Y. Aug. 13, 2014).  When evaluating a request to file under seal, a court balances the weight given to the presumption of access in a particular case with any "competing considerations."  *Lugosch*, 435 F.3d at 119–120 (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.");

WHEREAS, the party opposing disclosure "must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection; broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test."  *Tropical Sails Corp. v. Yext, Inc.*, No. 14 Civ. 7582, 2016 WL 1451548, at *3 (S.D.N.Y. Apr. 12, 2016).  It is hereby

**ORDERED** that the parties' request is DENIED without prejudice to renewal.  By April 7, 2017, the parties with an interest in a confidential treatment must submit a single letter that provides the following:  For each Exhibit to the Richter Declaration, the parties must provide specific argument as to why confidential treatment is justified in light of that Exhibit's age and content, and highlight the particular portion of the Exhibit that, if revealed, would cause harm.  The mere fact that the Exhibits are non-public is insufficient.  *See, e.g.*, *id.* at *4 ("[T]he simple fact that [the defendant's] revenue information has not previously been disclosed is not enough to

warrant protection."). Further, for each Exhibit, the parties must provide a specific reason why it seeks to have the entire Exhibit filed under seal rather than redacting only portions of the Exhibit. It is further

    **ORDERED** that the letter must also provide specific argument for each portion of the Memorandum of Law and the Pomerantz Expert Report that the party seeks to redact. For each redacted portion, the letter must explain which specific Exhibit to the Richter Declaration the redacted portions references and why confidential treatment is justified.

Dated: March 28, 2017
       New York, NY

                                                **LORNA G. SCHOFIELD**
                                             **UNITED STATES DISTRICT JUDGE**