UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                              :
RAMON MORENO, et al.,                        :
                                    Plaintiffs,  :
                                                              :
                -against-                  :
                                                               :
DEUTSCHE BANK AMERICAS HOLDING  :
CORP., et al.,                                   :
                                 Defendants. :
------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/1/2018

15 Civ. 9936 (LGS)

**ORDER**

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, the Court expects to issue an opinion shortly granting summary judgment on Plaintiffs' prohibited transaction claims but not the breach of fiduciary duty claims. Only the latter will be tried, and the parties should limit their evidence and arguments accordingly;

       WHEREAS, the parties have filed motions in limine (Dkt. Nos. 200, 203, 206, 209, 212, 215, 218, and 221); it is hereby

       **ORDERED** that the trial shall be bifurcated, and only evidence pertaining to liability and not to damages will be considered at the July 9, 2018, trial. The parties shall limit their evidence and arguments accordingly. A separate trial on damages will be held in the event of a finding of liability. It is further

       **ORDERED** that, to the extent the parties' motions in limine pertain only to evidence relevant to damages, such motions are DENIED without prejudice to renewal in the event of a damages trial. The particular motions in limine are adjudicated as follows:

1. Plaintiffs' motion in limine to exclude in part expert reports and testimony of Dr. Walter Torous and Terry A. Dennison (Dkt. No. 200): As this evidence appears to pertain only to damages (recordkeeping fees), the motion is DENIED without prejudice.

1

2. Plaintiffs' motion in limine to exclude evidence, testimony and argument relating to Deutsche Bank's employer contributions (Dkt. No. 203):  This motion is GRANTED based on Rules 401 and 403, Fed. R. Evid., because Defendants have not shown the relevance of such evidence to the surviving fiduciary duty claims. To the extent such evidence is relevant, its slight probative value is outweighed by the waste of time and confusion engendered by its admission.

3. Plaintiffs' motion in limine to exclude evidence, testimony and argument relating to purported releases (Dkt. No. 206):  As to representative named Plaintiff, the motion is construed as a motion for reconsideration of the Court's September 5, 2017, Opinion and Order appointing the named Plaintiffs as class representatives and DENIED as untimely.  As this motion otherwise appears to pertain only to damages (releases), it is DENIED without prejudice.

4. Defendants' motion in limine to exclude evidence of mutual fund profits earned by Deutsche Bank "entities" (Dkt. No. 209):  As this evidence appears to pertain only to damages (disgorgement of profits), the motion is DENIED without prejudice.

5. Defendants' motion in limine to exclude expert testimony of Martin A. Schmidt (Dkt. No. 212): As this evidence appears to pertain only to damages (excessive recordkeeping fees), the motion is DENIED without prejudice.

6. Defendants' motion in limine to exclude certain opinions of Dr. Steve Pomerantz (Dkt. No. 215):  The motion is DENIED without prejudice to the Court's consideration of the weight of the evidence at the bench trial.

7. Defendants' motion in limine to exclude expert testimony of Marcia Wagner (Dkt. No. 218):  The motion is DENIED without prejudice to the Court's consideration of the weight of the evidence at the bench trial.

8. Defendants' motion in limine to exclude evidence of DIMA and RREEF separate accounts (Dkt. No. 221):  Decision on this motion is RESERVED.

The Clerk of Court is respectfully directed to close the motions at Docket Numbers 200, 203, 206, 209, 212, 215 and 218.

The parties should advise the Court immediately by joint letter if they wish a referral to a Magistrate Judge for a settlement conference.

Dated: June 1, 2018
       New York, New York

                                        **LORNA G. SCHOFIELD**
                                        **UNITED STATES DISTRICT JUDGE**