IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ramon Moreno, Donald O'Halloran, Omkharan Arasaratnam, Baiju Gajjar, and Rajath Nagaraja, individually and as representatives of a class of similarly situated persons, and on behalf of the Deutsche Bank Matched Savings Plan,<br><br>Plaintiffs,<br><br>v.<br><br>Deutsche Bank Americas Holding Corp., Deutsche Bank Matched Savings Plan Investment Committee, Deutsche Bank Americas Holding Corp. Executive Committee, Richard O'Connell, John Arvanitis, Robert Dibble, Tim Dowling, Richard Ferguson, James Gnall, Louis Jaffe, Patrick McKenna, David Pearson, Joseph Rice, Scott Simon, Andrew Threadgold, and James Volkwein,<br><br>Defendants. | Case No. 1:15-cv-09936 (LGS)<br><br>**[PROPOSED] ORDER ON PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

This litigation arose out of claims involving alleged breaches of fiduciary duties, prohibited transactions, and failure to adhere to Plan documents in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, against Deutsche Bank Americas Holding Corp., the Deutsche Bank Matched Savings Plan Investment Committee, the Deutsche Bank Americas Holding Corp. Executive Committee, and certain individuals (collectively, "Defendants").[1]

Presented to the Court for preliminary approval is a settlement of the litigation as against all Defendants. The terms of the Settlement are set out in a Class Action Settlement Agreement

---

[1] The individual defendants are Richard O'Connell, John Arvanitis, Robert Dibble, Tim Dowling, Richard Ferguson, James Gnall, Louis Jaffe, Patrick McKenna, David Pearson, Joseph Rice, Scott Simon, Andrew Threadgold, and James Volkwein. Additional Defendants were dismissed from this action. *See* ECF Nos. 57, 126.

dated August 14, 2018 (the "Settlement Agreement"), executed by Ramon Moreno, Donald O'Halloran, Omkharan Arasaratnam, Baiju Gajjar, and Rajath Nagaraja (the "Class Representatives"), Class Counsel, and counsel for Deutsche Bank Americas Holding Corp.  Except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as ascribed to them in the Settlement Agreement.

Upon reviewing the Settlement Agreement and the motion papers submitted in connection with the Motion for Preliminary Approval, and good cause appearing therefore,

**It is hereby ORDERED as follows:**

1. **Preliminary Findings Regarding Proposed Settlement:** The Court preliminarily finds that:

    A. The proposed settlement resulted from arm's-length negotiations by experienced and competent counsel overseen by a neutral mediator;

    B. The Settlement was negotiated only after Class Counsel had conducted extensive discovery and received pertinent information and documents from Defendants and non-parties;

    C. Class Counsel and the Class Representatives have submitted declarations in support of the Settlement; and

    D. Considering the relevant Second Circuit factors, the Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class.

2. **Fairness Hearing:** A hearing (the "Fairness Hearing") will be held on [a date no sooner than one hundred thirty (130) calendar days after the date the Preliminary Order is filed] _____, 20\_\_\_, at _____.m., in Courtroom 1106 of the United States District Court for the

Southern District of New York, before the undersigned District Court Judge, to determine, among other issues:

    A.    Whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate;

    B.    Whether the Court should enter the Final Approval Order, and

    C.    Whether the Court should approve any motion for Attorneys' Fees, Costs, Administrative Expenses, and Class Representatives' Compensation.

3.    **Settlement Administrator:** The Court approves and orders that Analytics Consulting LLC shall be the Settlement Administrator responsible for carrying out the responsibilities set forth in the Settlement Agreement.

4.    **Class Certification:** The following Settlement Class is preliminarily certified for settlement purposes pursuant to Fed. R. Civ. P. 23(b)(1):

> All participants and beneficiaries of the Deutsche Bank Matched Savings Plan at any time during the Class Period from December 21, 2009 through August 14, 2018, whose individual accounts were invested in the Disputed Investments, excluding Defendants, any of their directors, and any officers or employees of Defendants with responsibility for the Plan's investment or administrative functions.

Consistent with its prior class certification order (ECF No. 165), the Court appoints Nichols Kaster, PLLP as counsel for the Settlement Class. Further, the Court appoints Ramon Moreno, Donald O'Halloran, Omkharan Arasaratnam, Baiju Gajjar, and Rajath Nagaraja representatives for the Settlement Class, consistent with its prior class certification order (ECF No. 165).

5.    **Class Notice**: The Settling Parties have presented to the Court proposed forms of notice regarding the settlement for mailing to Class Members ("Settlement Notices") and the proposed Former Participant Claim Form to Former Participants.

    A.    The Court finds that the proposed forms and content therein fairly and

adequately:

      i.      Summarize the claims asserted;

      ii.     Describe the terms and effect of the Settlement;

      iii.    Notify the Settlement Class that Class Counsel will seek compensation from the Qualified Settlement Fund for Attorneys' Fees, Costs, Administrative Expenses, and Class Representatives' Compensation;

      iv.    Give notice to the Settlement Class of the time and place of the Fairness Hearing, and Class Members' right to appear; and

      v.     Describe how the recipients of the Class Notice may object to the Settlement, or any requested Attorneys' Fees, Costs, Administrative Expenses, or Class Representatives' Compensation.

B.    The Settlement Administrator shall send by first class mail the appropriate Settlement Notice to each Class Member and the Former Participant Claim Form to each Former Participant within forty-five (45) calendar days of the date of this Order, as specified in the Settlement Agreement. Former participants must file a Former Participant Claim Form with the Settlement Administrator by [a date no later than ten (10) calendar days before the Fairness Hearing] in order to be considered for a distribution pursuant to the Plan of Allocation.

C.    On or before the date that notice is sent to the Settlement Class, the Settlement Administrator shall establish a Settlement Website and telephone support line as provided by the Settlement Agreement.

D.    Pursuant to Rules 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the contents of the Settlement Notices and mailing the Settlement Notices constitutes the best

notice practicable under the circumstances, provides due and sufficient notice of the Fairness Hearing and of the rights of all Class Members, and complies fully with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, and any other applicable law.

6. **Preliminary Injunction:** Each Class Member and his or her respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, is preliminarily enjoined from suing Defendants, the Plan, or the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Action and the Released Claims. Further, pending final determination of whether the Settlement Agreement should be approved, no Class Member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against the Defendants, the Released Parties, or the Plan.

7. **Objections to Settlement**: Any objections to the fairness, reasonableness or adequacy of the Settlement, to any term of the Settlement Agreement, or to the proposed Attorneys' Fees, Costs, Administrative Expenses, or Class Representatives' Compensation, shall be considered by the Court at the Fairness Hearing, if they have been timely sent to Class Counsel and Defendants' counsel.  To be timely, the objection and any supporting documents must be sent to Class Counsel and Defendants' counsel at least twenty-eight (28) calendar days prior to the scheduled Fairness Hearing.

8. **Responses to Objections and Final Approval Motion**: Any party may file a response to an objection by a Class Member at least fourteen (14) calendar days before the Fairness

Hearing, and Plaintiffs shall file their Final Approval Motion at least fourteen (14) calendar days before the Fairness Hearing.

9. **Continuance of Hearing:** The Court may adjourn, modify, or continue the Fairness Hearing without further direct notice to the Class Members, other than by notice to Class Counsel. In such event, notice of the same shall be provided through the Settlement Website.

**IT IS SO ORDERED.**

Dated: _____          _____
                                                    Hon. Lorna G. Schofield
                                                   United States District Judge