**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/1/2019
```

Ramon Moreno, Donald O'Halloran, Omkharan
Arasaratnam, Baiju Gajjar, and Rajath Nagaraja,
individually and as representatives of a class of
similarly situated persons, and on behalf of the
Deutsche Bank Matched Savings Plan,

                Plaintiffs,

v.

Deutsche Bank Americas Holding Corp., Deutsche
Bank Matched Savings Plan Investment Committee,
Deutsche Bank Americas Holding Corp. Executive
Committee, Richard O'Connell, John Arvanitis,
Robert Dibble, Tim Dowling, Richard Ferguson,
James Gnall, Louis Jaffe, Patrick McKenna, David
Pearson, Joseph Rice, Scott Simon, Andrew
Threadgold, and James Volkwein,

                Defendants.

Case No. 1:15-cv-09936 (LGS)

**ORDER ON
PLAINTIFFS' MOTION FOR
FINAL APPROVAL OF
CLASS ACTION
SETTLEMENT**

Wherefore, this 28th day of February, 2019, upon consideration of Plaintiffs' Motion for

Final Approval of the Class Action Settlement Agreement dated August 14, 2018 (herein the

"Settlement Agreement" or "Settlement") in the above matter, the Court hereby orders and

adjudges as follows:

**1.** For purposes of this Final Approval Order and Judgment, except as otherwise

defined herein, all capitalized terms used herein shall have the same meaning as are ascribed to

them in the Settlement Agreement.

**2.** The Court has jurisdiction over the subject matter of this action and personal

jurisdiction over all parties to the action, including all members of the Settlement Class.

**3.** The following Settlement Class is certified under Rule 23(b)(1) of the Federal Rules

of Civil Procedure for purposes of the Settlement:

> All participants and beneficiaries of the Deutsche Bank Matched Savings Plan at any time during the Class Period from December 21, 2009 through August 14, 2018, whose individual accounts were invested in the Disputed Investments, excluding Defendants, any of their directors, and any officers or employees of Defendants with responsibility for the Plan's investment or administrative functions.

The Court finds that this Settlement Class meets all of the requirements of Rule 23(a) and 23(b)(1) for the reasons set forth in its prior Class Certification Order (ECF No. 165).

    **4.**    Pursuant to Rules 23(e)(1)(A) and (C), the Court hereby approves and confirms the Settlement and the terms therein as being a fair, reasonable, and adequate settlement and compromise of the claims asserted in the Class Action.

    **5.**    The Court hereby approves the Settlement and orders that the Settlement shall be consummated and implemented in accordance with its terms and conditions, except as otherwise ordered by the Court.

    **6.**    In accordance with the Court's Orders, and as reflected in the information from the Settlement Administrator, Analytics Consulting LLC, Settlement Notices were timely distributed by first-class mail to all Class Members who could be identified with reasonable effort.  The Settlement Administrator searched for updated address information for those returned as undeliverable, and re-mailed notices to those Class Members.  In total, 2.49% were ultimately returned as undeliverable.  In addition, pursuant to the Class Action Fairness Act, 29 U.S.C. § 1711, et seq., notice was provided to the Attorneys General for each of the states in which a Class Member resides and the Attorney General of the United States.

    **7.**    The form and methods of notifying the Class Members of the terms and conditions of the proposed Settlement Agreement met the requirements of Rules 23(c)(2) and (e), and due process, and constituted the best notice practicable under the circumstances; and due and sufficient

notices of the Fairness Hearing and the rights of all Class Members have been provided to all people, powers and entities entitled thereto, consistent with Rule 23 and due process.

8.      The Court finds that the Settlement is fair, reasonable, and adequate, based on the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

A.      The Settlement resulted from arm's-length negotiations by experienced and competent counsel overseen by a neutral mediator;

B.      The Settlement was negotiated only after Class Counsel had conducted extensive discovery and received pertinent information and documents from Defendants and non-parties;

C.      The Settling Parties were well positioned to evaluate the value of the Class Action;

D.      If the Settlement had not been achieved, both Plaintiffs and Defendants faced the expense, risk, and uncertainty of trial;

E.      The Settlement is fair, reasonable, and adequate, and includes substantial non-monetary relief.  The monetary portion of the Settlement ($21,900,000) is within the range of reasonable settlements appropriate in this case, based on the nature of the claims, the potential recovery, the risks of litigation, and settlements that have been approved in other similar cases;

F.      The Class Representatives have actively and independently participated in the Class Action;

G.      The Class Representatives and Class Counsel have concluded that the Settlement Agreement is fair, reasonable and adequate;

H.      Class Members had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement to the

Court.  Two timely objections were filed, neither one apparently relating to the terms of the settlement.  The Court has considered both objections, and they are overruled with prejudice.

       J.     The Settlement was reviewed and approved by an independent fiduciary, Newport Trust Company.

    **9.**     The Motion for Final Approval of the Settlement Agreement is hereby GRANTED except as otherwise provided herein or in the Court's other orders, the settlement of the Class Action is APPROVED as fair, reasonable and adequate to the Plan and the Settlement Class, and the Settling Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

    **10.**    The Third Amended Complaint and all Released Claims asserted therein, whether asserted by the Class Representatives on their own behalf or on behalf of the Class Members, or derivatively to secure relief for the Plan, are dismissed with prejudice, without costs to any of the Settling Parties other than as provided for in this Settlement Agreement.

    **11.**    The Class Representatives and each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, shall be (i) conclusively deemed to have, and by operation of the Effective Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants, the Plan, and the Released Parties from all Released Claims, and (ii) barred and enjoined from suing Defendants, the Plan, or the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Member or Class Counsel now know or believe to be true with respect to the Action and the Released Claims, whether or not such Class Members have executed and delivered a Former Participant Claim Form,

whether or not such Class Members have filed an objection to the Settlement, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

12.     The Plan shall be (i) conclusively deemed to have, and by operation of the Effective Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants and the Released Parties from all Released Claims, and (ii) barred and enjoined from suing Defendants or the Released Parties in any action or proceeding alleging any of the Released Claims, even if the Plan or any Class Member on behalf of the Plan may thereafter discover facts in addition to or different from those which the Plan or any Class Member now knows or believes to be true with respect to the Action and the Released Claims.

13.     Each Class Member shall release Defendants, Defense Counsel, Class Counsel, the Released Parties, and the Plan from any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

14.     The Court finds that it has subject matter jurisdiction over the claims herein and personal jurisdiction over the Defendants and the Class Members pursuant to the provisions of ERISA, and expressly retains that jurisdiction for purposes of enforcing this Final Approval Order and/or the Settlement Agreement.

15.     The Court finds that all applicable CAFA requirements have been satisfied.

16.     The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and each Authorized Former Participant pursuant to the Plan of Allocation approved by the Court.

17.     With respect to payments or distributions to Authorized Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion.

18.     Within twenty-eight (28) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

19.     Within sixty (60) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the parties shall jointly file on ECF an accounting which shall detail how the monies in the Settlement Fund were spent (i.e., how much went to claimants, to counsel, to the Settlement Administrator, etc.).

20.     Upon the Effective Date of this Order under the Settlement Agreement, all Settling Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and by this Final Approval Order.

**IT IS SO ORDERED.**


Dated: March 1, 2019
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE